*129 OPINION.
Sternhagen:
The statement of the facts has probably already disclosed our opinion. The taxpayer in 1920 sold for $346,617.53 certificates which had cost her $222,272, and thereby in that year realized a profit of $124,345.53 which should be included in her gross income. This of course means that we do not regard the facts as to the accumulation of the dividends by the trustee as affecting the liability of the present taxpayer, notwithstanding their undoubted effect upon the market price generally of the certificates and the sale price of the certificates here in question.
The taxpayer was a beneficiary of the trust which collected the dividends. As such she had an inchoate right and interest in the stock and dividend fund held by the trustee. Her right and interest were much like those of a stockholder in the accretions and surplus earnings of his corporation. Eisner v. Macomber, 252 U. S. 189. She had absolutely no right or control over the amounts received by the trustee, and could only have acquired such right or control by the performance of a condition precedent — disposing of her Union Pacific stock — and this she did not do. Counsel argues that the dividends should be regarded as received by her when received by the *130 trustee because the precedent condition was entirely within her own control. In other words, she could have sold her Union Pacific stock whenever she liked, and thereupon demanded and received both the stock and the dividends. This is unquestionably true, but in fact she failed to do so; and hence she never acquired any right to receive from the trustee either the stock or the dividends. She never became a stockholder of the Southern Pacific Co. Her only interest was a qualified right in the growing trust fund. It seems to us to be fundamentally unsound to determine income tax liability by what might have taken place rather than by what actually occurred. Even though the practical effect may be the same in either case, the resulting tax liability may be quite different. United States v. Isham, 17 Wall. 496. In the present case both the practical and the legal effects were different; for it was certainly not the same when she received her total price for the certificates in 1920 as it would have been if she had sold her Union Pacific stock, exchanged her certificates for Southern Pacific stock, received her then accumulated dividends, continued to receive her current dividends directly from the Southern Pacific, and then sold her Southern Pacific stock with no accumulated dividends.
The learned counsel for the taxpayer contends that the dividends were taxable to the trustee when received. This may or may not be so under the statute in effect when each of the dividends was received. The statutes varied, and the terms of each and their application to the facts would require careful consideration. In our view of the case it is not necessary or proper to determine that question in this appeal.
It appears that the Commissioner has treated the $107,058.96 as dividends received by the taxpayer in 1920, and thus the amount is not subjected to normal tax. If this is true it appears to be erroneous because the amount is not a dividend but a profit from sale, and hence subject to both normal and surtaxes. We shall not now determine this as part of our formal decision, but confine our decision to approving the deficiency asserted by the Commissioner. If the additional deficiency of normal tax is asserted by the Commissioner and the taxpayer has ground for appeal upon that issue, we will then consider it upon the issue as then presented.