**LEVI v. UNITED STATES.**
No. 41860.

Court of Claims.
May 4, 1936.

Virgil Y. Moore, of Washington, D. C. (Smith, Moore & Lucas, of Washington, D. C., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

On March 6, 1928, the decedent transferred by gift a part of his estate to Milton J. Levi, his nephew and stepson, and on May 11, 1928, he died as a result of an operation for the purpose of removing an "irregular annular deformity at the junction of the sigmoid and the rectum due to a carcinoma." At the time of his death decedent was 75 years of age, but on and prior to the date of transfer involved in this case, the details of which have been set forth in the findings, the decedent had not been ill, had not experienced any physical pain, or in any way suffered from this condition. The decedent had for many years been in excellent health. He was an active, robust man of normal weight with all the appearance and symptoms of perfect health; he had lost no weight for many years prior to the date of the transfer nor prior to his death. Aside from an unimportant operation for hernia in 1927, from which his recovery was complete, the decedent had experienced no serious ailment for many years. On and prior to the date of the transfer in question neither the decedent nor his physician knew that he had cancer. Some time after the completion of the transfer that condition was discovered by a physical examination of the decedent by one of the leading physicians and consultants in San Francisco and the taking of X-ray photographs during the period April 6 to April 16, 1928. The report on the X-ray photographs disclosing the condition, due to carcinoma, was made on the last-mentioned date, and it was determined by the physician a day or two thereafter that an operation should be performed. This occurred on April 26, 1928, and the surgeons found a much more extensive growth than they had any reason to believe existed, and further found that it could not be successfully removed. Accordingly, they made an opening above the growth in order to relieve any later obstruction. On May 11, 1928, decedent died, not from cancer, but as a direct result of the operation. These facts are clearly established by the evidence, and they show that the underlying and dominant motive for the transfer was other than contemplation of death.

We cannot concur in the second point, made for the first time in this suit, by counsel for the defendant that if the gift of the decedent to Milton J. Levi on March 6, 1928, was not a transfer in contemplation of death then the value of the 2,583⅓ shares of stock and the $200,000 in cash, a total deductible value under the defendant's computation of $616,588.33 (determined in accordance with the language of the statute), received by the decedent's estate from the estate of his deceased wife after his death should not be excluded from the gross estate of the decedent under section 303 (a) (2), Revenue Act of 1926 (44 Stat. 72) as "forming a part of the gross estate * * * of any person who died within five years prior to the death of the

decedent." The section mentioned required that for the purpose of estate tax the value of the net estate of the decedent, Herman Levi, should be determined by deducting from the value of his gross estate an amount equal to the value of any property which formed a part of the gross estate of his wife, Fannie Levi, who had died within five years prior to his death.

In determining the net estate of the decedent, Herman Levi, the Commissioner of Internal Revenue deducted therefrom, as required by the statute, $616,588.33, representing an amount equal to the value of 2,583⅓ shares of stock of H. Levi & Co. and $200,000 which came to the decedent under the will of his wife, Fannie Levi, which had formed a part of her gross estate and was subjected to tax. Counsel for the defendant now seeks to have the court exclude this statutory deduction from the gross estate of the decedent, Herman Levi, if it be held that the gift made by him March 6, 1928, was not a transfer in contemplation of death, and deny recovery of any portion of the tax collected on the theory that the gift on March 6, 1928, to Milton J. Levi by the decedent out of his own private property of 4,000 shares of the capital stock of H. Levi & Co. of the value of $698,880 was a gift by Herman Levi of the bequest made to him in the will of his wife Fannie Levi, and that the decedent, therefore, took the bequest from his wife by purchase for full consideration paid in money or moneys' worth. We fail to see how it could be held that the decedent purchased that which was already his. He made the gift of his own private property to Milton because of what he felt to be a moral obligation, but that did not alter the fact that the bequest by his wife came to the decedent solely under her will. The facts disclose that the estate of the decedent, Herman Levi, received after his death 2,583⅓ shares of stock of H. Levi & Co. and $200,000 in cash from the estate of the decedent's wife, Fannie Levi, who had predeceased Herman three months. This property formed a part of her gross estate and was taxed as such. In accordance with the positive provisions of the statute, an amount equal to the value thereof was deducted from the gross estate of Herman Levi in computing the estate tax upon his estate. The stock of H. Levi & Co. had a value, as finally determined by the Commissioner, of $174.72 a share. The value of the 4,000 shares given by the decedent to Milton Levi on March 6, 1928, was $698,880 and the value of the property bequeathed to the decedent by his wife, Fannie Levi, consisting of 2,583⅓ shares of stock and $200,000 in cash, amounted to $616,588.33, or a difference of $47,520. The clear purpose of section 303 (a) (2) of the Revenue Act of 1926 was to relieve from estate tax, upon the estate of a second decedent, the value of any property subjected to estate tax as a part of the gross estate of a person who had died within five years prior to the decedent from whose estate such property was directed to be excluded; for the purpose of this deduction, it matters not whether the second decedent, prior to his death, made a gift of much or little of his own private property. In such a case the gift, if not made in contemplation of death, cannot be subjected to tax merely because the person making it receives from another property which had been subjected to the estate tax, and dies within five years thereafter. In the circumstances we cannot exclude the deduction from the gross estate of the decedent. The 4,000 shares given to Milton Levi were delivered by the decedent March 6, 1928, and the bequest under the will of Fannie Levi was not received by the decedent's estate until December 4, 1929. Milton Levi owned in his own right the property given to him by the decedent on March 6, 1928, and from that date forward he drew dividends on the 4,000 shares of stock. The circumstances of the bequest in the will of Fannie Levi to the decedent may have moved him to make the gift of a portion of his own property to Milton; but there was otherwise no legal or actual connection between the bequest and the gift. The gift made by the decedent to Milton Levi on March 6, 1928, did not have the same effect in substance as a renunciation or an assignment of the bequest. And the amount of tax due by the estate of Herman Levi must be determined on the basis of what actually occurred rather than on what might have taken place. United States v. Isham, 17 Wall. 496, 21 L.Ed. 728; Howbert v. Penrose (C.C.A.) 38 F.(2d) 577, 68 A.L.R. 820; Commissioner v. Merchants' & Manufacturers' Fire Insurance Co. (C.C.A.) 72 F. (2d) 408; Snyder v. Commissioner (C.C. A.) 73 F.(2d) 5; Appeal of Anna M. Harkness, 1 B.T.A. 127; Mullins v. Commissioner, 14 B.T.A. 426; Minnie C. Brackett, Admrx., v. Commissioner, 19 B. T. A. 1154; and Hoult v. Commissioner, 24 B.T.A. 79. Had the decedent merely renunciated or assigned the bequest, Milton Levi would never have received dividends

on more than 2,583⅓ shares until the death of the decedent and he would not have received the dividends on these 2,583⅓ shares until the settlement of Fannie Levi's estate in 1929. When the decedent gave 4,000 shares to Milton Levi on March 6, 1928, Milton immediately became the absolute owner of these 4,000 shares of corporate stock, thereby vesting in him full control of H. Levi & Co., including the right to vote salaries and dividends. Had there been only a renunciation or assignment of the bequest by the decedent, control of the corporation would have been equally divided between the decedent and Milton Levi, as was the design of Fannie Levi in making her will. In the circumstances, we cannot exclude the deduction from the gross estate of the decedent of the amount of $616,588.33, representing the value of the property forming a part of the decedent's estate at the time the tax was determined and which had been previously taxed within five years as a part of the gross estate of his wife, and which deduction was directed to be made by section 303 of the Revenue Act of 1926 (44 Stat. 72).

Plaintiff is entitled to recover $7,356.24 with interest as provided by law, and judgment will be entered accordingly. It is so ordered.